Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington

November 3, 2021

RAVI SUBRAMANIAN, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR21-185 JCC |
|---|---|
| Plaintiff | **INDICTMENT** |
| v. | 18 U.S.C. § 2 |
| HERDADE S. LOKUA a/k/a Heritier M. Lokua, and JOSPIN K. MUJANGI, | 18 U.S.C. § 371<br>18 U.S.C. § 545<br>18 U.S.C. § 1956(a)(2)(A)<br>16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(i) |
| Defendants. | |

The GRAND JURY charges that at all times material to this Indictment:

### DEFENDANTS

1. **HERDADE LOKUA** was an Angolan citizen and a resident of Kinshasa, Democratic Republic of Congo (DRC).

2. **JOSPIN MUJANGI** was a citizen of DRC and a resident of Kinshasa, DRC.

3. The Source of Information (SOI), an unindicted coconspirator whose identity is known to the Grand Jury, was a private entity that used online profiles to facilitate the wildlife trade in Africa. SOI acted as a middleman between **LOKUA, MUJANGI,** and buyers.

4. UC was U.S. law enforcement agents working in an undercover capacity whose identities are known to the Grand Jury.

### REGULATORY BACKGROUND

5. The Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") is an international agreement among approximately 183 governments, including the United States and the DRC, to protect fish, wildlife, and plants that are, or may

United States v. HERDADE LOKUA, et al.
INDICTMENT - 1

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

become, threatened with extinction. CITES establishes import and export restrictions to protect these species from overexploitation through international trade. The restrictions apply to live and dead specimens, as well as the skins, parts, and products made in whole or in part from a listed species.

6. Under CITES, species are protected according to a classification system known as "appendices." Appendix I consists of species threatened with extinction which are or may be affected by trade. Appendix II of CITES consists of the species that are not presently threatened with extinction but may become so if trade in the species is not regulated. International trade in species listed in these appendices is monitored and regulated by permits and quotas.

7. In the United States, CITES is implemented through the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*. The ESA and its implementing regulations make it unlawful for anyone to engage in trade in any specimens contrary to CITES or to possess any specimens traded contrary to CITES. 16 U.S.C. § 1538(c)(1).

8. Prior to entry into the United States, all shipments of CITES Appendix-I wildlife must have a valid CITES import permit issued by the United States CITES Management Authority as well as a valid export or re-export permit from the country of exportation. 50 C.F.R. § 23.27. International trade in a CITES-listed specimen without the required documentation is prohibited. 50 C.F.R § 23.13(a).

9. In addition to implementing CITES, the ESA prohibits the import, possession, sale, offer for sale, transport, or shipment, in foreign commerce, of any listed endangered species, and prohibits the violation of any regulations pertaining to either listed endangered or threatened species. 16 U.S.C. § 1538(a)(1)(A), 1538(a)(1)(E), 1538(a)(1)(G).

United States v. HERDADE LOKUA, et al.
INDICTMENT-2

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

10. Regulations promulgated pursuant to the ESA include a requirement to declare any importation of wildlife into the United States on a Declaration for Importation or Exportation of Wildlife, 50 C.F.R. § 14.61; a requirement to have any importation of wildlife cleared by an officer of the U.S. Fish and Wildlife Service (USFWS) after providing all relevant shipping documents, permits, and the wildlife itself, 50 C.F.R. § 14.52; and a requirement to mark any importation of wildlife with an accurate list of each species' scientific name, 50 C.F.R. § 14.81.

11. The African elephant, *Loxodonta africana*, is the largest living terrestrial animal on Earth. Native to the African continent, African elephant populations have declined significantly this century due to poaching and habitat loss. African elephants were listed as endangered under the ESA in 1978 (50 C.F.R. §17.11(h)). Depending on the country of origin, African elephants are listed on either CITES Appendix I or CITES Appendix II.

12. The white rhinoceros, *Ceratotherium simum*, is a large terrestrial herbivore that is native to the African continent. Once thought to be extinct, it now inhabits a small number of areas in Southern Africa. The white rhinoceros was listed as threatened under the ESA in 2014 (50 C.F.R. §17.11(h)), and is listed on CITES Appendix I.

13. Pangolins, which encompass four species of pangolin native to Asia and four native to Sub-Saharan Africa, are nocturnal insectivorous mammals. Pangolins are believed to be the most trafficked animal in the world, as their keratin scales are used in traditional Eastern medicine, and their meat is considered a delicacy in some cultures. All species of pangolin are listed on Appendix I of CITES.

14. The Lacey Act prohibits making or submitting any false record, account, label for or identification of wildlife that is, or is intended to be, transported in interstate or foreign commerce. 16 U.S.C. § 3372(d).

United States v. HERDADE LOKUA, et al.
INDICTMENT-3

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

## COUNT 1
## CONSPIRACY
(All Defendants)

15. Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated herein by reference as if set forth in their entirety

### THE CONSPIRACY

16. Beginning on a date no later than November 2019, and continuing to at least October 2021, in the Western District of Washington, and elsewhere,

**HERDADE LOKUA** and **JOSPIN MUJANGI**,

defendants herein, knowingly combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, that is: to knowingly import and bring into the United States merchandise, namely wildlife, contrary to laws and regulations of the United States, in violation of Title 18, United States Code, Section 545.

### MANNER AND MEANS OF THE CONSPIRACY

17. The manner and means by which **LOKUA, MUJANGI,** and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

18. In furtherance of the conspiracy and to effect the illegal object thereof, **LOKUA, MUJANGI,** and co-conspirators used electronic messaging applications, including but not limited to WhatsApp and Telegram, to coordinate the sale and terms of international transactions in wildlife, provide videos and photos of wildlife, and arrange for transport of wildlife in international commerce.

United States v. HERDADE LOKUA, et al.
INDICTMENT- 4

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

19. In furtherance of the conspiracy and to effect the illegal object thereof, in order to move the illegal wildlife products without alerting authorities, **LOKUA, MUJANGI,** and co-conspirators would use electronic messaging applications to discuss and plan ways to avoid detection by authorities. Specifically, **LOKUA** would discuss bribing local officials, commingling the illegal wildlife with legal goods, cutting the wildlife into small pieces, spray painting the wildlife so that it appeared to be wood, hiding the wildlife inside legal goods, and creating false paperwork.

20. In furtherance of the conspiracy and to effect the illegal object thereof, **LOKUA, MUJANGI,** and co-conspirators would plan ways of moving money in international commerce without alerting authorities, such as making multiple payments in small amounts, sending money through a Chinese bank for withdrawal in the DRC, and using the bank accounts of multiple individuals.

21. In furtherance of the conspiracy and to effect the illegal object thereof, **LOKUA, MUJANGI,** and co-conspirators arranged a meeting in Seattle to discuss future sales of illegal wildlife products.

## OVERT ACTS

22. In furtherance of the conspiracy and in order to effect the object thereof, **LOKUA, MUGANGI,** and their co-conspirators committed the following overt acts, among others, in the Western District of Washington, the Democratic Republic of Congo, and elsewhere:

**Overt Act 1:** On or about November 21, 2019, **LOKUA** offered SOI, via electronic message, a price of $300 per kilogram (kg) to send elephant ivory to the United States.

United States v. HERDADE LOKUA, et al.
INDICTMENT-5

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 2:** On or about November 26, 2019, **LOKUA** requested, via electronic message, that SOI send $6,000, split between **LOKUA** and Individual A, via Western Union in exchange for 20 kg of elephant ivory.

**Overt Act 3:** On or about November 27, 2019, **LOKUA** provided SOI, via electronic message, with photos of **LOKUA**'s passport and Individual A's identification card in order to complete the Western Union transfer.

**Overt Act 4:** Between on or about November 27, 2019, and on or about December 4, 2019, **LOKUA** and Individual A picked up the $6,000 sent to them by UC at a Western Union in Kinshasa, DRC.

**Overt Act 5:** On or about December 11, 2019, **LOKUA** sent a video of himself, via electronic message, to SOI, in which **LOKUA** shows two large elephant tusks on a scale, and states that he will be sending SOI the two tusks in the video.

**Overt Act 6:** On or about January 22, 2020, **LOKUA** sent an electronic message to SOI, stating that **LOKUA** was unable to ship the tusks through the airport at that time.

**Overt Act 7:** On or about March 21, 2020, **LOKUA** sent a photo of four rhinoceros horns to SOI, via electronic message, and offered to sell the horns to SOI.

**Overt Act 8:** In or about June 2020, **LOKUA** told SOI, via electronic message, that he was again able to ship elephant ivory via airfreight, and offered an additional 50 kg of ivory for an additional payment of $8,500.

**Overt Act 9:** On or about June 26, 2020, **LOKUA** stated, via electronic message, that SOI should send the additional $8,500 to **LOKUA**'s cousin, **MUJANGI**. **LOKUA** then provided a photo of **MUJANGI**'s passport and bank account number at Procredit Bank Congo.

United States v. HERDADE LOKUA, et al.
INDICTMENT-6

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 10:** On or about July 1, 2020, **LOKUA** confirmed, via electronic message, that a test payment of $400 sent by UC had been received in **MUJANGI's** bank account.

**Overt Act 11:** On or about July 1, 2020, **LOKUA** sent SOI photographs and videos, via electronic message, depicting 11 pieces of elephant tusk weighing a total of approximately 99.95 kg.

**Overt Act 12:** On or about July 2, 2020, **LOKUA** sent SOI photographs and videos, via electronic message, showing numerous pieces of elephant ivory being wrapped in tin foil and concealed in suitcases.

**Overt Act 13:** On or about July 9, 2020, **LOKUA** sent SOI an electronic message confirming that the additional $8,010 payment sent by UC had been received in **MUJANGI's** bank account.

**Overt Act 14:** On or about August 15, 2020, **LOKUA** told SOI, via electronic message, that **LOKUA** was capable of providing up to 12 tons of elephant ivory if SOI was willing to buy large quantities.

**Overt Act 15:** On or about August 15, 2020, **LOKUA** told SOI, via electronic message, that **LOKUA** could cut the elephant ivory into small pieces, spray paint the ivory black, and comingle the ivory with black wood in order to ship the ivory via commercial mail carrier without detection by authorities.

**Overt Act 16:** On or about August 17, 2020, **LOKUA** sent a picture, via electronic message, showing ivory being cut into roughly rectangular pieces.

**Overt Act 17:** On or about August 19, 2020, **LOKUA** sent a package to UC in Seattle via DHL containing 28 pieces of spray painted elephant ivory, which weighed approximately 4.123 kg, and 20 pieces of ebony wood. The package was received on or about August 26, 2020.

United States v. HERDADE LOKUA, et al.
INDICTMENT-7

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

The documents accompanying the shipment described the contents as "wood" with a value of $60.

**Overt Act 18:** On or about August 28, 2020, **LOKUA** sent SOI an electronic message with three photos showing additional elephant ivory being cut into roughly rectangular pieces.

**Overt Act 19:** On or about August 31, 2020, **LOKUA** and **MUJANGI** sent a second package of spray painted elephant ivory to UC in Seattle. The package was received on or about September 7, 2020. The package contained 25 pieces of elephant ivory which weighed approximately 5.1 kg. The documents accompanying the shipment stated that the shipment was sent by **MUJANGI**, and contained "wood" with a value of $60.

**Overt Act 20:** On or about August 31, 2020, **LOKUA** sent SOI two photos, via electronic message, depicting trucks full of bulk rubber, and stated that the rubber could be used to conceal future large shipments from the seaport.

**Overt Act 21:** On or about September 7, 2020, **LOKUA** told SOI, via electronic message, that airport officials knew that the ivory is forbidden, and thus **LOKUA** still could not ship via the airport.

**Overt Act 22:** On or about September 22, 2020, **LOKUA** and **MUJANGI** sent a third package of elephant ivory to UC in Seattle. The package was received on or about September 29, 2020. The package contained 23 pieces of spray painted elephant ivory which weighed approximately 12.75 kg. The documents accompanying the shipment stated that the shipment was sent by **MUJANGI**, and contained "wood" with a value of $60.

**Overt Act 23:** On or about October 23, 2020, **LOKUA** offered SOI, via electronic message, 110 kg of elephant ivory.

United States v. HERDADE LOKUA, et al.
INDICTMENT- 8

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 24:** On or about November 5, 2020, **LOKUA** offered SOI, via electronic message, a 4 kg rhinoceros horn for $30,000.

**Overt Act 25:** On or about November 11, 2020, **LOKUA** told SOI, via electronic message, that **LOKUA** could obtain a 20-foot shipping container and materials to conceal elephant ivory or rhinoceros horn for $27,000. **LOKUA** further stated that he could use corn to conceal the illicit products and bribe officials at the port in order to smuggle the goods out of the DRC.

**Overt Act 26:** On or about November 12, 2020, **LOKUA** offered, via electronic message, to sell rhinoceros horns to SOI, and sent a photo of three rhinoceros horns with a piece of paper containing SOI's name and the date.

**Overt Act 27:** On or about January 3, 2021, **LOKUA** sent SOI an electronic message explaining how large sums of money, which would be needed to ship a 20-foot container of illicit goods, can be paid to a Chinese bank. **LOKUA** further stated that a Vietnamese individual in Kinshasa, DRC, is associated with the Chinese bank and would pay **LOKUA** in cash once funds were received in the Chinese bank. **LOKUA** also sent the bank account information and exchange rate.

**Overt Act 28:** On or about January 4, 2021, **LOKUA** sent SOI an electronic message containing two photos depicting approximately 6 large bags of pangolin scales, and offered to sell SOI 500 kg of pangolin scales for $30,000.

**Overt Act 29:** On or about January 6, 2021, **LOKUA** sent SOI an electronic message containing two photos of shipping containers partially filled with sawn wood. **LOKUA** stated that this is the wood that would be used to conceal large shipments of pangolin scales or elephant

United States v. HERDADE LOKUA, et al.
INDICTMENT-9

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

ivory, and that **LOKUA** is ready to ship the container for $26,000 plus the price of whatever wildlife products SOI purchases.

**Overt Act 30:** On or about January 12, 2021, **LOKUA** stated, via electronic message, that his aunt works at DHL, and therefore he will now be able to ship rhinoceros horn through DHL. **LOKUA** included two photos of two rhinoceros horns with SOI's name and the current date on a piece of paper.

**Overt Act 31:** On or about February 2, 2021, **LOKUA** offered SOI, via electronic message, a rhinoceros horn and 25 kg of pangolin scales for $18,000. **LOKUA** also provided **MUJANGI**'s bank information at Equity Bank in the DRC for payment.

**Overt Act 32:** On or about February 5, 2021, **LOKUA** sent SOI an electronic message with two photos of a rhinoceros horn on a piece of paper that had SOI's name and the date written on it. **LOKUA** also sent two additional photos, via electronic message, of himself holding the rhinoceros horn.

**Overt Act 33:** On or about February 11, 2021, **LOKUA** confirmed, via electronic message, that the initial payment of $6,000 sent by UC, which was a partial payment for the rhinoceros horn, had been received in **MUJANGI**'s bank account.

**Overt Act 34:** On or about February 11, 2021, **LOKUA**, via electronic message, requested the address in Seattle to which he should send the rhinoceros horn.

**Overt Act 35:** On or about February 15, 2021, **LOKUA** sent SOI, via electronic message, a photo of a carved wooden mask that would be used to conceal the rhinoceros horn.

**Overt Act 36:** On or about February 19, 2021, **LOKUA** confirmed, via electronic message, that **MUJANGI** had received in his bank account the remaining $12,080 sent by UC.

United States v. HERDADE LOKUA, et al.
INDICTMENT-10

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 37:** On or about February 25, 2021, **LOKUA** told SOI, via electronic message, that there were problems at DHL, and that if **LOKUA** tried to ship the horn through DHL, he would be arrested.

**Overt Act 38:** On or about April 16, 2021, **LOKUA** offered, via electronic message to SOI, to ship the rhinoceros horn to Seattle with two tons of ivory and one ton of pangolin scales in a 20-foot shipping container.

**Overt Act 39:** On or about May 16, 2021, **LOKUA** stated, via electronic message to SOI, that he would be able to cut the rhinoceros horn into smaller pieces and ship via DHL. **LOKUA** provided two photos of the rhinoceros horn on a piece of paper containing SOI's name as well as the current date and time.

**Overt Act 40:** On or about May 19, 2021, **LOKUA** sent SOI, via electronic message, four photos of the rhinoceros horn after it had been cut into six pieces.

**Overt Act 41:** On or about May 24, 2021, **LOKUA** and **MUJANGI** sent a package of spray painted rhinoceros horn via DHL to UC in Seattle. The package was received on or about June 3, 2021. The package contained 6 pieces of white rhinoceros horn weighing approximately 2.18 kg and 8 pieces of wood. The documents accompanying the shipment stated that the package was sent by **MUJANGI**, and contained "sample wood" with a value of $50. The DHL certification was signed by **MUJANGI**. The package contained a declaration from the Congolese Minister of Culture and Arts, which was also signed by **MUJANGI**.

**Overt Act 42:** On or about June 10, 2021, via electronic message, **LOKUA** agreed to a face-to-face meeting with SOI in the United States in order to discuss a larger purchase of elephant ivory, pangolin scales, and rhinoceros horn. **LOKUA** provided a photo of his passport in order to facilitate the flight and visa process.

United States v. HERDADE LOKUA, et al.
INDICTMENT- 11

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 43:** On or about July 12, 2021, **LOKUA** requested, via electronic message to SOI, that **MUJANGI** and another individual also be part of the face-to-face meeting in the United States.

**Overt Act 44:** On or about July 14, 2021, **LOKUA** and SOI agreed, via electronic message, that SOI would send $5,000 to **LOKUA**, and that **LOKUA** would provide some of the funds to **MUJANGI** so that **LOKUA** and **MUJANGI** could show funds in their bank accounts during the visa application process, and would later use the money to purchase additional elephant ivory for SOI.

**Overt Act 45:** On or about July 14, 2021, **LOKUA** provided SOI, via electronic message, with **LOKUA**'s account information at Banque Commerciale du Congo in order to complete the $5,000 transfer.

**Overt Act 46:** On or about August 8, 2021, **LOKUA** confirmed, via electronic message, receipt of $5,000 sent by UC in his bank account at Banque Commerciale du Congo in the DRC.

**Overt Act 47:** On or about August 10, 2021, **LOKUA** stated, via electronic message to SOI, that he had begun his visa application and sent a photo of a receipt for a $160 that was used to pay for the application.

**Overt Act 48:** On or about September 20, 2021, **LOKUA** and **MUJANGI** went to the United States embassy in Kinshasa, DRC, submitted their passports, and were interviewed for visa applications to travel to the United States.

**Overt Act 49:** On or about November 1, 2021, **LOKUA** and **MUJANGI** flew from Kinshasa, DRC, to Seattle, Washington.

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 50:** On or about November 3, 2021, **LOKUA** and **MUJANGI** met with SOI in the Western District of Washington and discussed future deals to traffic wildlife from Africa to the United States.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
**Laundering of Monetary Instruments**
(As to HERDADE LOKUA)

23. Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated herein by reference as if set forth in their entirety.

24. UC maintained a checking account at Bank of America that was used for financial transactions with **LOKUA** (the "UC Account"). The UC Account was located in Washington State.

25. From on or about November 26, 2019, through on or about September 29, 2020, **LOKUA** arranged for wildlife products to be sent to the United States. During the relevant period, UC sent approximately $14,500 from the United States to **LOKUA** through a variety of means, including Western Union and electronic bank transfers, in exchange for elephant ivory, to facilitate bribes, and to enable continued purchases of wildlife products.

26. The wildlife sent by **LOKUA** did not have the necessary CITES permits required to import or export CITES-listed species. None of the shipments were declared to, or cleared by, USFWS upon import, and no import permits were issued by USFWS as required by U.S. regulations. The contents of the shipments were falsely labeled in violation of U.S. law and

United States v. HERDADE LOKUA, et al.
INDICTMENT-13

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

regulations. In total, **LOKUA** smuggled approximately 21.97 kg of elephant ivory from the DRC into the United States.

27. From on or about November 26, 2019, through on or about September 29, 2020, in the Western District of Washington, the Democratic Republic of Congo, and elsewhere,

**HERDADE LOKUA,**

defendant herein, did himself and did cause others to transport, transmit, and transfer a monetary instrument and funds from a place in the United States, specifically Washington State, to and through a place outside the United States, specifically the Democratic Republic of Congo, with the intent to promote the carrying on of specified unlawful activity, to wit: Smuggling Goods into the United States (Title 18, United States Code, Section 545),

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

**COUNT 3**
**Laundering of Monetary Instruments**
(All Defendants)

28. Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated herein by reference as if set forth in their entirety.

29. UC maintained a checking account at Bank of America that was used for financial transactions with **LOKUA** and **MUJANGI** (the "UC Account"). The UC Account was located in Washington State.

30. From on or about February 9, 2021, through on or about June 3, 2021, **LOKUA** and **MUJANGI** arranged for wildlife products to be sent to the United States. During the relevant period, UC sent approximately $18,080 from the United States to **LOKUA** and

United States v. HERDADE LOKUA, et al.
INDICTMENT- 14

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**MUJANGI** through electronic bank transfers, in exchange for one shipment of rhinoceros horn that weighed approximately 2.13 kg, to facilitate bribes, and to enable continued purchases of wildlife products.

31. The wildlife sent by **LOKUA** and **MUJANGI** did not have the necessary CITES permits required to import or export CITES-listed species. None of the shipments were declared to, or cleared by, USFWS upon import, and no import permits were issued by USFWS as required by U.S. regulations. The contents of the shipment were falsely labeled in violation of U.S. law and regulations.

32. From on or about February 9, 2021, through on or about June 3, 2021, in the Western District of Washington, the Democratic Republic of Congo, and elsewhere,

**HERDADE LOKUA and JOSPIN MUJANGI,**

defendants herein, did themselves and did cause others to transport, transmit, and transfer a monetary instrument and funds from a place in the United States, specifically Washington State, to and through a place outside the United States, specifically the Democratic Republic of Congo, with the intent to promote the carrying on of specified unlawful activity, to wit: Smuggling Goods into the United States (Title 18, United States Code, Section 545),

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

United States v. HERDADE LOKUA, et al.
INDICTMENT-15

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

## COUNTS 4 to 7
### Smuggling goods into the United States
(All Defendants)

33. Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated herein by reference as if set forth in their entirety.

34. On or about the dates listed below, each date representing a separate count, in the Western District of Washington and elsewhere,

**HERDADE LOKUA and JOSPIN MUJANGI,**

defendants herein, did knowingly and fraudulently cause merchandise to be brought into the United States, specifically the wildlife listed below, contrary to laws and regulations of the United States, by, among other things, knowingly failing to make the required declaration and obtain the required authorization to import such items into the United States, in violation of Title 16, United States Code, Section 1538(e); and Title 50, Code of Federal Regulations, Sections 14.61, 14.52, 14.81, and 23.13(a).

| COUNT | DATES | WILDLIFE |
|---|---|---|
| 4 | August 26, 2020 | Elephant ivory (*Loxodonta africana*) |
| 5 | September 7, 2020 | Elephant ivory (*Loxodonta africana*) |
| 6 | September 29, 2020 | Elephant ivory (*Loxodonta africana*) |
| 7 | June 3, 2021 | Rhinoceros horn (*Ceratotherium simum*) |

All in violation of Title 18, United States Code, Sections 545 and 2.

United States v. HERDADE LOKUA, et al.
INDICTMENT-16

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

## COUNTS 8 to 11
### Lacey Act False Labeling
(All Defendants)

35. Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated herein by reference as if set forth in their entirety.

36. On about the dates listed below, each date representing a separate count, in the Western District of Washington, the Democratic Republic of Congo, and elsewhere,

**HERDADE LOKUA and JOSPIN MUJANGI,**

defendants herein, did knowingly make and submit, and cause to be made and submitted, false records, accounts and labels of wildlife that were exported and imported, and were and were intended to be, transported in foreign commerce, in that the defendants falsely labeled, and caused to be falsely labeled, the shipments of wildlife set forth below:

| COUNT | DATE | DESCRIPTION OF FALSIFICATION |
|---|---|---|
| 8 | August 26, 2020 | Falsely labeled elephant ivory (*Loxodonta africana*) as "wood" |
| 9 | September 7, 2020 | Falsely labeled elephant ivory (*Loxodonta africana*) as "wood" |
| 10 | September 29, 2020 | Falsely labeled elephant ivory (*Loxodonta africana*) as "wood" |
| 11 | June 3, 2021 | Falsely labeled rhinoceros horn (*Ceratotherium simum*) as "wood" |

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(i), and Title 18, United States Code, Section 2.

United States v. HERDADE LOKUA, et al.
INDICTMENT-17

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1  SIGNATURE OF FOREPERSON
2  REDACTED PURSUANT TO the
3  POLICY OF the JUDICIAL
4  CONFERENCE OF the
5  UNITED STATES.

A TRUE BILL:
DATED: November 3, 2021

_____
FOREPERSON

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

_Ryan Conn_ FOR:
PATRICK M. DUGGAN
Trial Attorney
U.S. Department of Justice
Environmental Crimes Section

_Ryan Conn_
RYAN C. CONNORS
Trial Attorney
U.S. Department of Justice
Environmental Crimes Section

United States v. HERDADE LOKUA, et al.
INDICTMENT-18

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321