THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0185-JCC |
| Plaintiff, | ORDER |
| v. | |
| HERDADE S. LOKUA, and JOSPIN K. MUJANGI | |
| Defendant. | |

    This matter comes before the Court on the parties' stipulated motion to continue the trial date and pretrial motions deadline. (Dkt. No. 31.) The parties seek a continuance in light of logistical challenges facing defense counsel in communicating with their clients, which requires travel to the Federal Detention Center and French language interpreters. (*Id.* at 2.) They also say a continuance is necessary to complete plea negotiations, prepare plea agreements and French translations, and work towards final drafts of the same. (*Id.*).

    The Speedy Trial Act does not expressly provide for excluding delays arising from continuances granted to facilitate plea negotiations. *See generally* 18 U.S.C. § 3161(h). But some courts recognize that an ends-of-justice continuance is proper to give the parties time to pursue plea negotiations. *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009) (affirming ends-of-justice finding based on the asserted need for more "time to pursue plea

ORDER
CR21-0185-JCC
PAGE - 1

negotiations or prepare for trial"); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) (affirming ends-of-justice continuance based solely on the need for time to pursue plea negotiations). The Ninth Circuit, however, is not among them. It holds that "[n]egotiation of a plea bargain is not one of the factors supporting exclusion." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155–56 (9th Cir. 2000) (quoting *United States v. Perez-Reveles*, 715 F.2d 1348, 1252 (9th Cir. 1983)) (alteration original).

In *Ramirez-Cortez*, however, "[t]he *only* articulated grounds" for the continuance "was the defendant's desire to engage in additional plea negotiations." 213 F.3d at 1155 (emphasis added). Here, in contrast, it appears that plea negotiations have already borne fruit and may be productive if continued. (*See* Dkt. No. 31 at 2 (requesting more time "to *complete* plea negotiations" (emphasis added)).) The record thus suggests that denying a continuance could result in a miscarriage of justice, which was not clear in *Ramirez-Cortez*. At the same time, settlement in this case is not a foregone conclusion. (*See id.* (implying that Defendants have yet to review or approve any draft plea agreements)). So the need to strategize and prepare for trial is part and parcel of the parties' requested continuance—in essence, the flip side of the same coin as the need for more time to conclude plea negotiations.

Therefore, having thoroughly considered the parties' motion and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interest of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny defense counsel the reasonable time necessary for effective preparation due to the need for more time because Defendants are in custody and do not speak English, and for counsel to confer with their clients and consider case strategy, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); and

2. A failure to grant such a continuance in this proceeding would likely result in a

ORDER
CR21-0185-JCC
PAGE - 2

miscarriage of justice, as set forth in § 3161(h)(7)(B)(i).

The Court therefore ORDERS that:

1. The parties' stipulated motion to continue the trial date and pretrial deadlines (Dkt. No. 31) is GRANTED.

2. The June 6, 2022 jury trial is CONTINUED to July 11, 2022.

3. The deadline for pretrial motions and motions *in limine* is CONTINUED to June 24, 2022. Parties should consult the Court's Chambers Procedures posted on its website for detailed instructions regarding pretrial submissions and trial procedures.

4. The time from the date of this order until the new July 11, 2022 trial date is an excludable period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 20th day of May 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE